COMMONWEALTH vs. ARTHUR THOMAS
(and two companion cases[1]).

Middlesex.    April 5, 1971. — April 29, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Delinquent Child. Practice, Civil,* Delinquency proceeding, Trial by jury.

A child adjudged a delinquent under G. L. c. 119, § 58, at a trial in a
    District Court has a right to a jury trial upon an appeal to the Superior
    Court under § 56.

COMPLAINTS received and sworn to in the Third District
Court of Eastern Middlesex on March 30, 1970.

Upon appeals to the Superior Court, the cases were heard
by *Beaudreau, J.*

*Mark. E. Budnitz* for the defendants.

*Terence M. Troyer,* Assistant District Attorney (*Roger A.
Karz* with him) for the Commonwealth.

SPALDING, J.    The defendants were adjudged delinquents
under G. L. c. 119, § 58, after a trial in a District Court.
They appealed to the Superior Court under G. L. c. 119,
§ 56, where they demanded a jury trial. Their demands
were denied, subject to their exceptions. The defendants
were tried to a judge, adjudged delinquent, and sentenced
to the custody of the Youth Service Board. The sole ques-
tion presented by their bill of exceptions is whether it was
error to deny their demands for a jury trial.[2]    We are of
opinion that it was.

General Laws c. 119, § 56, as amended through St. 1964,

---

[1] The companion cases are against Brian Kelly and Robert Owens (known
as George Kelley).

[2] This question is one of first impression. While there is dictum in *Marsden* v.
*Commonwealth,* 352 Mass. 564, 566, to the effect that *Commonwealth* v. *Page,*
339 Mass. 313, 316, had decided this question contrary to the defendants'
present contention, the point of the statutory standards to be applied in a
Superior Court trial of a juvenile under G. L. c. 119, § 56, was not before the
court in either case.

c. 308, § 1, which deals with juvenile appeals to the Superior
Court, states in relevant part: "The appeal, if taken, shall
be *tried and determined in like manner as appeals in criminal
cases,* except that the trial of said appeals in the superior
court shall not be in conjunction with the other business of
that court, but shall be held in a session set apart and
devoted for the time being exclusively to the trial of juvenile
cases" (emphasis supplied). The language of this statute
is plain, and therefore it is to be interpreted in accordance
with the usual and natural meaning of the words. *Condon* v.
*Haitsma,* 325 Mass. 371, 373. *Commonwealth* v. *Krasner,*
358 Mass. 727, 729. G. L. c. 4, § 6, Third.

Turning to the statutes governing criminal trials in the
Superior Court, we find that cases are to be tried to a jury
unless the defendant expressly elects to be tried by the
court. G. L. (Ter. Ed.) c. 278, § 2. G. L. c. 263, § 6, as
appearing in St. 1933, c. 246, § 1. The right of a defendant
to be tried by a jury in a criminal case is specifically guaran-
teed in art. 12 of our Declaration of Rights. "[T]rial by
jury in criminal cases is fundamental to the American
scheme of justice." *Duncan* v. *Louisiana,* 391 U. S. 145,
149. We therefore have no difficulty in finding a clear
legislative intention to afford juveniles who appeal to the
Superior Court at least the same fundamental safeguards
afforded to adults similarly situated. We are of opinion
that trial by jury is of such fundamental importance that
had the Legislature intended to deny this right to juveniles
it would have said so in unequivocal language.

In opposition to this conclusion the Commonwealth points
to G. L. (Ter. Ed.) c. 119, § 53, which reads: "Sections
fifty-two to sixty-three, inclusive [which deal with delin-
quency], shall be *liberally construed* so that the care, custody
and discipline of the children brought before the court shall
approximate as nearly as possible that which they should
receive from their parents, and that, as far as practicable,
they *shall be treated, not as criminals, but as children* in need
of aid, encouragement and guidance. Proceedings against
children under said sections shall *not be deemed criminal*

*proceedings*" (emphasis supplied). We find nothing in this language inconsistent with our conclusion here. In view of the specific language of § 56 relating to juvenile appeals to the Superior Court, we are not disposed to construe it so as to deprive juveniles of a jury trial. See *Robinson* v. *Commonwealth,* 242 Mass. 401, 404–405. To give a child a jury trial is not to brand him a criminal but to secure to him a fundamental fact-finding safeguard. The legislative design to protect juveniles from such things as the stigma of a criminal record and from serving sentences in adult correctional institutions ought not to be distorted to deprive juveniles of their fundamental right to a trial by jury in the determination of their guilt. This conclusion, of course, in no way affects the special disposition provisions of G. L. c. 119.

In view of our interpretation of G. L. c. 119, § 56, we do not reach the question whether apart from the statute a jury trial is required under either the Massachusetts or Federal Constitution.

*Exceptions sustained.*