CELINE E. GURLEY & others. *vs.* COMMONWEALTH.

Hampden.   April 4, 1973. — May 10, 1973.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & KAPLAN, JJ.

*Compensation of Victims of Violent Crimes.   Interest.*

The phrase "compensation for loss of earnings or support" in § 5 of G. L. c. 258A, an act entitled Compensation of Victims of Violent Crimes, includes compensation for future loss of earnings or support.   [597]

In § 5 of G. L. c. 258A, an act providing compensation to victims, or dependents of deceased victims, of violent crimes, the proviso that "no award under this chapter shall exceed ten thousand dollars" following the statement that "any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained," is a general limitation on the ultimate "award" due under c. 258A, not a ceiling on the computation of the "actual loss sustained," and where claimants sustained actual loss in excess of ten thousand dollars, they were entitled to an award of $10,000 minus the statutory deduction of $100.   [597–599]

Under the provision of § 6, of G. L. c. 258A, an act compensating dependents of deceased victims of violent crimes, that "compensation . . . [for the actual loss sustained] shall be reduced by the amount of any payments received or to be received [by claimants] as a result of the injury . . . under insurance programs, or . . . from

public funds," proceeds of life insurance received by claimants as a result of the victim's fatal injury, and welfare payments received by them as a result of his death, were deductible items. [599]

In the absence of any provision for payment of interest in G. L. c. 258A, claimants entitled to an award of compensation against the Commonwealth thereunder were not entitled to have interest added to the award from the date of the victim's death to the date of payment of the award. [599–600]

PETITION for compensation filed in the District Court of Springfield on February 17, 1971.

The case was heard by *Sloan, J.*

*Herbert Murphy* for the petitioners.

*Robert L. Surprenant,* Assistant Attorney General (*Brian T. O'Neill,* Assistant Attorney General, with him) for the Commonwealth.

TAURO, C.J. The petitioners filed their claim for compensation as dependents of a victim of a violent crime under G. L. c. 258A in the District Court of Springfield. After trial, the District Court judge found for the respondent. The petitioners claimed a report to the Appellate Division for the Western District based on the trial judge's denial of their requests for rulings concerning the proper construction and application of c. 258A to the facts of the instant case. The Appellate Division found "no prejudicial error by the trial judge" and dismissed the report. The petitioners appeal this ruling.

All of the issues presented by this appeal concern the manner of computing damages recoverable by the victims (and their dependants) of violent crimes within the meaning of G. L. c. 258A. Section 5 of c. 258A, inserted by St. 1967, c. 852, § 1, provides in pertinent part: "Any compensation paid under this chapter shall be in an amount not exceeding out-of-pocket loss, together with loss of earnings or support resulting from such injury. Any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained; provided, however, that no award under this chapter shall exceed ten thousand dollars." Section 6

of c. 258A provides in part: "Any compensation paid pursuant to this chapter shall be reduced by the amount of any payments received or to be received as a result of the injury (a) from or on behalf of the offender, (b) under insurance programs, or (c) from public funds."

1. In their requests for rulings, the petitioners sought a construction of the statutory phrase "compensation for loss of earnings or support" to include *future* loss of earnings and support. We believe that such an interpretation is required by both the language and purpose of this statute. The Commonwealth does not argue to the contrary. Clearly, the statute covers the loss of future support when a victim of a violent crime is disabled. We can see no logical reason why the victim's death should not be treated as a permanent loss of support to be computed on the basis of life expectancy evidence and actuarial tables in determining the victim's future loss of earning capacity. See *Cuddy* v. *L & M Equip. Co.* 352 Mass. 458; *Roddy* v. *Fleischman Distil. Sales Corp.* 360 Mass. 623, 628–629. We conclude that the judge erred in the denial of the petitioners' request for a ruling to this effect. However, the judge properly made a finding that the victim had a life expectancy of 38.19 years with an earning capacity of $324,961.76.

2. The petitioners requested the judge to rule that "[a]ny subtractions from the total amount of the compensation to which the claimants are entitled must be made from the total amount of compensation to which all claimants are entitled without regard to, and before, application of the ten thousand ($10,000.00) dollar maximum award specified in General Laws, Chapter 258A, Section 5." The judge denied this request for ruling and instead granted the Commonwealth's request for ruling which computed damages by first applying a $10,000 limit to the actual loss sustained (which exceeded $10,000 in the instant case) and then subtracting all the benefits received as a result of the injury from the $10,000 figure. These two opposing theories of damage computation pose the central question for our

decision and require a determination of legislative intent as to the import of the $10,000 limitation in the statute.

We think this question of statutory construction is resolved by the express language of § 5 which provides that "[a]ny compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained; provided, however, that *no award under this chapter* shall exceed ten thousand dollars" (emphasis supplied). Where the language of a statute is plain, it must be interpreted in accordance with the usual and natural meaning of the words.[1] *Commonwealth* v. *Thomas,* 359 Mass. 386, 387. The unambiguous reference to "no award under this chapter" indicates that the General Court intended the $10,000 figure to limit the final recovery under this statute. The use of the word "award" and the reference to the entire "chapter" lead us to conclude that the $10,000 provision is not a specific ceiling on the computation of the "actual loss sustained" but a general limitation applying to the ultimate "award" due under the statute.

Therefore, we hold that it was error for the judge

---

[1] The Commonwealth argues that in interpreting § 5's $10,000 limitation, we should consider the legislative history of c. 258A which indicates "an overall pattern by the legislature to limit and restrict the amount of compensation paid" as is evidenced by the statute's exclusion of pain and suffering damages and its express request in § 6 that "[t]he court shall take into consideration . . . the availability of funds appropriated for the purpose of this chapter."

However, there is no need for us to resort to legislative history when the statute's language is unambiguous. *Chouinard, petitioner,* 358 Mass. 780, 782. Moreover, our construction of c. 258A places a $10,000 ceiling on any award allowed under the chapter; a limit which *is* consistent with the General Court's desire to "restrict the amount of compensation paid." Finally, it should be added that § 6's vague and impractical admonition that courts should consider "the availability of funds appropriated for the purpose of this chapter" cannot invalidate the express concrete provisions of the statute establishing a specific method of computing the damages to which a proper claimant is entitled. Both trial and appellate courts must follow the specific procedures established by c. 258A; their decisions cannot be based on or affected by judicial speculation as to whether the Legislature will appropriate sufficient funds to meet the obligations it has voluntarily undertaken by enacting c. 285A. Once judgment is entered, it is enforceable as any other judgment of the court. See *O'Coin's, Inc.* v. *Treasurer of the County of Worcester,* 362 Mass. 507.

to deny the petitioners' requests for rulings numbered 14 and 15.

The "actual loss sustained" is determined by deducting the benefits received as a result of the injury from the total loss sustained by the petitioners. Since the actual loss sustained exceeds the maximum award recoverable under this chapter, the petitioners are entitled to an award of $10,000 minus the statutory deduction of $100.[2]

3. The petitioners argue that the judge committed prejudicial error in denying their requests for rulings that no deductions should be made from the compensation to which they were entitled on account of life insurance benefits and welfare payments the petitioners were receiving as a result of the victim's death. Section 6 of c. 258A provides that "compensation . . . shall be reduced by the amount of any payments received or to be received as a result of the injury . . . (b) under insurance programs, or (c) from public funds." The judge correctly ruled that life insurance proceeds constitute benefits from an insurance program which are received by the petitioners as a result of the victim's injury, in this case a fatal one. Equally without merit is the petitioners' claim that welfare payments should not be deducted from the compensation due them. Welfare payments are clearly public funds which the petitioners are receiving as a result of the victim's death and therefore they are deductible under § 6.

4. Finally, the petitioners claim they are entitled to have interest added to the award at the rate of six per cent per annum from the date of the victim's death to the date of payment of the award. The petitioners contend that the Legislature has generally allowed for interest payments to accrue in tort and contract cases from the date of the writ. See G. L. c. 231, §§ 6B, 6C; G. L. c. 229, § 11. They ask us to "infer that the legislature had in mind the above statutory provisions authoriz-

---

[2] See § 5. "One hundred dollars shall be deducted from any award granted under this chapter."

ing the addition of interest to awards when it enacted C. 258A." We cannot agree.

The provisions for interest payments in c. 231 and c. 229 suggest that the Legislature will authorize such payments expressly when they are intended. Therefore, c. 258A's silence on the question of interest payments indicates a legislative intent not to grant them.[3]

The petitioners have misplaced their reliance on cases where this court has awarded interest despite the absence of express statutory authorization. See *New York Bank Note Co.* v. *Kidder Press Mfg. Co.* 192 Mass. 391. These cases are based on contract law and are not controlling in a noncontractual context where the Commonwealth has voluntarily waived its sovereign immunity to a limited extent in order to compensate victims of violent crimes; a right which did not exist prior to the enactment of G. L. c. 258A. See *School Comm. of Boston* v. *Board of Educ. ante,* 20, 31–32. In waiving its immunity, the Commonwealth established certain rights of recovery which cannot be extended beyond those expressly conferred by the statute. See *Putnam Furniture Bldg. Inc.* v. *Commonwealth,* 323 Mass. 179, 185; *Smith* v. *Commonwealth,* 347 Mass. 453, 456.

5. The order of the Appellate Division is reversed. The case is remanded to the District Court of Springfield where judgment for the petitioners shall be entered in the sum of $9,900 to "be apportioned by the court among the claimants in proportion to their loss." G. L. c. 258A, § 5.

*So ordered.*

---

[3] Nor does the Report of the Special Commission on the Compensation of Victims of Violent Crimes, 1967 House Doc. No. 5151, which prompted c. 258A's enactment, suggest that claimants are entitled to interest on any awards made.