(No. 74-CV-8—

WILLIAM F. BOSWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 31, 1975.*

WILLIAM F. BOSWELL, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on January 15, 1974, at 6245 South Drexel, Chicago, Cook County, Illinois. William F. Boswell, victim of a violent crime, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71, et seq.* (hereafter referred to as "*the Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, William F. Boswell, age 64, was a victim of a violent crime, as defined in Sec. 2 (c) of the Act, to wit:

"Aggravated Battery", *(Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4)*

2. That on January 15, 1974, claimant was shot by an unknown assailant or assailants as he was entering his car. The assault was completely unexpected and claimant did not see who fired the shot.

3. That there was no evidence found by police investigation of any provocation by the claimant for the attack upon him.

4. That, as a result of this injury, claimant suffers complete paralysis of his lower extremities. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported there in are incorporated in this opinion by reference.

5. That there is no evidence that the victim and his assailant or assailants were related or sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

7. That the claimant seeks compensation under the Act for lost earnings to the date of this opinion as a result of his continuing disability.

8. That the victim's average monthly earnings for the 6 months immediately preceding his injury were $946.88. As a result of his injury claimant was unable to work from January 15, 1974, to January 15, 1975, and continues to be unable to work as the date of this opinion. Using his average monthly earnings as a basis, claimant has sustained a loss of earnings of $5,681.28 for the first 26 weeks of his disability. He was, however, indemnified by Metropolitan Life Insurance in the amount of $5,200.00, resulting in a net loss for the first 26 weeks of $481.28.

9. Claimant has sustained an unindemnified loss of earnings for the second half of the one year period of $5,681.28. The maximum compensation for loss of earnings in a period of one half year, or 6 months, pursuant to Sec. 4 of the Act, is $3,000.

10. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the pecuniary loss as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Loss of Earnings | $ 3,481.28 |
| 2) | Hospital | $20,123.25 |
| 3) | Medical | $ 1,195.00 |

$24,799.53

11. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7 (d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

We interpret the above provision to mean that the benefits received by the victim and deduction of $200, shall be deducted from the total loss sustained and not from the $10,000 maximum amount payable under the Act. On this point, we are adopting a recent opinion of the Massachusetts Supreme Court on the same point arising under the provisions of the Act identical to ours in all material respects: *Gurley* v. *Commonwealth (1973) 296 N.E. 2d 477.*

12. That, in the claim before us, the benefits received by the claimant, as contemplated by Sec. 7 (d) of the Act, were shown to be in the total sum of $120.00. This amount, plus the statutory deduction of $200, having been deducted from the gross amount of loss shown in Par. 10, leaves an amount of $24,479.53 as the actual loss sustained by the claimant. Hence, the claimant is entitled to an award in the maximum amount payable under the Act, $10,000.

It Is HEREBY ORDERED that the total sum of $10,000 be awarded to the claimant, William F. Boswell, the innocent victim of a violent crime.

It Is FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY NINE DOLLARS AND NINETY NINE CENTS) be paid immediately from the Court of Claims fund as a partial payment on the total amount of this award, and that the balance of the award due the

claimant is the sum of $9,000.01 be referred forthwith to the General Assembly for its approval.