(No. 74-CV-21—

IN RE APPLICATION OF MARILYN BROWN, ADMX. OF THE ESTATÉ OF CLYDE STEELE.

*Opinion filed July 22, 1975.*

SPENCER W. SCHWARTZ, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

This claim arises out of a criminal offense that occurred on December 16, 1973, at approximately 5:00 p.m. at 7929 South Jeffery, Chicago, Illinois. Marilyn Brown, the administratrix of the estate of the victim, Willie Clyde Steele, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, §71, et seq. (hereafter referred to as the "Act").

This court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the decedent, Willie Clyde Steele, age 30,

was a victim of a violent crime, as defined in §2(c) of the Act, to wit: "Murder", (Ill.Rev.Stat., 1973, Ch. 38, §9-1).

2. That on December 16, 1973, at approximately 5:00 p.m., the victim and his wife, Ruth Steele, were both shot in front of their home at 7929 South Jeffery, Chicago, Illinois.

3. That according to statements from eye witnesses taken by the police immediately after the shooting the following events took place. Shortly before 5:00 p.m. on December 16, 1973, the victim left his house, got in his car, and drove away. He returned home about 10 minutes later and got out of his car carrying a shopping bag. The assailant then walked up to the victim and said, "You think you are a bad M.F." (sic) The assailant then raised his hand which held a gun. The victim then said, "Wait a minute, man, let's talk about it." The victim started backing up and the assailant then took his gun and fired it at the victim. The victim's wife, Ruth Steele, was then seen running across her lawn screaming. When she got to her husband, she dropped to her knees. The assailant then came behind her and said something to her. He then put his gun to her head and fired it.

4. That both the victim and his wife were taken to Jackson Park Hospital in Chicago where they were both pronounced dead.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

5. That the Claimant, Marilyn Brown, has been duly appointed as administratrix of the estate of the victim, Clyde Steele, by the Circuit Court of Cook

County, Probate Division, c09791, No. 74 P 2372, Docket 792, Page 212.

6. That there was no evidence to indicate that the victim's death was attributable to his wrongful act or the substantial provocation of his assailant.

7. That there was no indication that the victim was a relative or ever shared the same household as the assailant.

8. That the criminal offense was promptly reported to law enforcement officials and the Claimant has fully cooperated in the apprehension and prosecution of the assailant.

9. That the assailant has been identified as Harry A. Curtis of 7933 South Jeffery, Chicago, Illinois. The assailant has been indicted on a charge of murder. A trial was held October 8, 1974, in the Circuit Court of Cook County, Courtroom of Judge Porter. The assailant was found not guilty by reason of insanity and has been committed to the Department of Mental Health of the State of Illinois.

10. That compensation is sought under the Act for funeral expenses and loss of support for the victim's two minor children.

11. That funeral and burial expenses paid for the victim were in the amount of $1,825.25.

12. That, at the time of his death, the victim was 30 years old and, according to actuarial tables, had a life expectancy of 40 years. Therefore, we must conclude that the victim's dependent children lost his financial support for 40 years.

13. That the victim's average monthly earnings for the 6 months immediately preceding his death were $1,088.36, but only $500 per month can be considered as

the basis for determining loss of support, pursuant to § 4 of the Act.

14. That, based on the victim's normal life expectancy of 40 years, and taking $500 per month as his average earnings, the loss of support to his dependent children is computed to be $240,000.00.

15. That, in determining the amount of compensation to which an applicant is entitled, § 7(d) of the Act states that this Court—

(d) . . . shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .).

We interpret the above provision to mean that the benefits received by the victim's family as a result of his death, and deduction of $200.00, shall be deducted from the total loss sustained and not from the $10,000 maximum amount payable under the Act. On this point, this court has adopted an opinion of the Massachusetts Supreme Court on the same point arising under the provisions of an Act identical to ours in all material respects: *Gurley v. Commonwealth,* 296 N.E.2d 477 (1973).

16. That in the claim before us life insurance benefits in the amount of $157,000.00 have been paid to Beulah Thompson of Greenville, Alabama, as guardian of the victim's two minor children, Veronica Steele, age 9, and Tracey Steele, age 4.

17. That the first $25,000 of life insurance benefits are not to be deducted.

18. That in the claim before us, benefits received from other sources which must be deducted from the loss as contemplated by § 7(d) of the Act were shown to be in the total sum of $132,000. This amount, plus the

statutory deduction of $200, having been deducted from the gross amount of loss as calculated in ¶11 and ¶14, leaves a loss far in excess of the $10,000 maximum amount that can be awarded as compensation under the Act for any loss resulting from a violent crime. Hence, the Claimant is entitled to an award in the amount of $10,000.

IT IS HEREBY ORDERED that the sum of $10,000.00 (Ten Thousand Dollars and No Cents) be awarded to Marilyn Brown as administratrix of the estate of Clyde Steele, to be held for the use and benefit of the victim's minor children, Veronica Steele and Tracey Steele, to be distributed in accordance with the Probate Court of Cook County.

[See Opinion in Claim 74-CV-22 finding no compensable loss due to the death of this victim's wife, Ruth Steele, also a murder victim in the same occurrence.]