Collista G. DIXON, Defendant
vs.
COMMONWEALTH OF
MASSACHUSETTS, Plaintiff

No. 8718

District Court Department
Appellate Division, Northern Division
Commonwealth of Massachusetts

January 18, 1982

Edward F. Newell, counsel for plaintiff.
Mary E. Dacey, Asst. Attorney General,
counsel for defendant.

Jodrey, J. This is a claim for compensation for a victim of a violent crime filed on behalf of Valerie E. Dixon, a thirteen

year-old child, by her mother and next friend, in the Brighton District Court. The trial judge found against the claimant for the stated reason that "Claimant incurred no out-of-pocket loss of any kind as result of injury", citing G.L.c. 258A, § 5. Claimant appealed pursuant to Dist./Mun. Cts. Supp. R. Civ. P. 150(h).

Miss Dixon was a thirteen-year-old student, not gainfully employed at the time of the commission of the violent crime which is the basis for this claim. As a result of the crime, Miss Dixon was hospitalized for seventeen days for treatment of stab wounds in both lungs and in the left arm. It appears that major arteries and nerves were severed in the criminal attack, causing the victim to suffer a permanent loss of function of the left are. The report of the Attorney General, filed with the trial court, reveals that the total cost of medical treatment for Miss Dixon was $30,254.81 of which $5,068.04 was covered by Medicaid.

The sole question before us is whether the petitioner has established the claimant's eligibility for compensation under G.L.c. 258A, § 5.

In order to recover the claimant herein must (1) be a victim of a violent crime within the meaning of the statute and (2) have incurred an out-of-pocket loss of at least one hundred dollars or have lost two continuous weeks of earnings. Out-of-pocket loss means "unreinbursed or unreimbursable expenses or indebtedness reasonably incurred for medical care or other services necessary as a result of the injury upon which such claim is based". **Id.**

The report of the trial judge does not present the question whether or not the claimant was a victim of a violent crime before us. The record, however, would seem to warrant if not compel a finding that the claimant was such a victim.

The claimant alleges that because she incurred permanent loss of function of left arm she should be allowed to claim, as an element of damage, loss of future earnings. We agree (**Gurley v. Commonwealth**, 363 Mass. 595 (1973)), but in so holding we do not rule whether or not this claimant, bearing in mind the circumstances of the case, can in fact sucessfully establish such damages. We leave that for consideration by a trial judge upon a new trial.

We are of the opinion that claimant should have an opportunity to seek to show that she did in fact incur an out-of-pocket loss in excess of $100.00. The record does not preclude a rational inference that the victim may have sustained an actual, out-of-pocket loss of over $100.00. As of the date of respondent's report to the trial court, only $5,068.04 of the victim's medical expenses had been covered by Medicaid. The balance of post medical expenses which is in excess of $25,000.00 remains the debt of the victim. She is clearly eligible for c. 258A compensation if she has in fact incurred unreimbursed or unreimbursable medical expenses in an amount exceeding $100.00

In the instant case the brevity of the trial judge's report militates against any satisfactory appellate consideration or any definitive determination of the question presented. It is to be noted that the trial judge in making his finding neglected to use the Uniform Form for Finding and Judgment, promulgated by the Chief Justice of the District Courts, for use in c. 258A cases. That form requires certain specific findings, including findings of subsidiary facts to support the same, and ought to be employed by the trial judge in these cases.

Inasmuch as we are of the opinion that justice would be better served by a rehearing of this matter in the trial court, we vacate the judgment of dismissal and remand the matter to the trial court for a new trial.

So ordered.
**James B. Tiffany, J.**
**Richard L. Banks, J.**
**H. Lawrence Jodrey, J.**

This certifies that this is the opinion of the Appellate Division in this cause.
**Charles R. Jannino**
**Clerk, Appellate Division**