McGuane, J.
This matter is before us on an appeal from the following reports of the Trial Judge of the Worcester Division. We find no prejudicial error and the report is dismissed.
REPORT
This is an action for an award under General Laws, c. 258A by the plaintiffs as victims of a violent crime committed upon their mother, Ethel Marie Bosworth, in which the plaintiffs seek to recover the maximum amount awardable under said statute, $9,900.00. The answer pleads the statute of limitations. The Attorney General’s report admits that the victim died as a *41 result of an alleged violent crime but says that the victim had no earned income at the time of her death and therefore there was no diminution in support occasioned by her death.
The court found for the plaintiffs in the sum of $9,900.00.
At the trial there was evidence tending to show, and the court did find, that:
The mother left her home on October 11,1982. Her body was found at 2:00 a.m. on October 12, 1982, badly beaten and mutilated and nude. Before her death, the mother was unemployed and received funds from the Veterans Administration for two of the three sons and also payments from the Department of Public Welfare of the Commonwealth for public assistance. About a year or two before her death, she had worked for Magnolia Nursing Home in Fitchburg, Massachusetts, as a nurse’s aide. She was paid $3.50 per hour, and when she worked, she worked 40 hours per week
The mother’s funeral was paid for by her grandmother, who advanced the sum of $945.00 for the burial expenses to the Bosk Funeral Home in Fitchburg. These expenses have been unreimbursed and are not reimbursable.
No payments were received on account of the injuries and death of the mother from the offender or from any insurance program or from any public funds. The claim for compensation was filed within 90 days of the death of the mother in the district court for the district in which the children of the mother lived at the time of her death and at the time of filing.
At the time of her death, the mother was 24 years old and had a life extectancy of 46.7 years. The plaintiffs are children of the mother and lived with her at the time, their ages being Jamie - 5, Nicholas - 3 and Jason - 2 at the time of death. Guardians have been appointed for each child.
At the close of the trial and before the final arguments, the defendant made the following requests for rulings:
1. The victim had no income at the time of her death. Allowed to the extent she had no earned income at the time of her death.
2. The plaintiffs have not shown any diminution in support occasioned by the victim’s death. Allowed, but not material.
3. The plaintiffs did not incur any out-of-pocket expenses as a result of the crime. Allowed insofar as the plaintiff is considered to be the minor child of the deceased.
The court, at the request of the plaintiffs, made the following rulings:
1. The mother died October 12,1982. Allowed.
2. The mother’s death was as a result of violent and vicious battery upon the body of the mother, resulting in her death. Allowed.
3. The cause of death was as a result of multiple blunt trauma, including skull fractures, brain contusions, rib and sternal fractures, and lacerations of the spleen, liver, lungs and bladder. Allowed.
4. The trauma and injuries were caused by another person. Allowed.
5. The cause of death was as a result of a violent crime. Allowed.
6. The plaintiffs are dependents of the mother. Allowed.
7. Out-of-pocket expenses have been incurred to bury the plaintiffs’ mother in the amount of $945.00. Allowed.
8. The burial expenses were advanced by Yolanda Cseke, of Somerset, New Jersey, grandmother of the mother. Allowed.
9. Said burial expenses are unreimbursed and unreimbursable. Allowed.
10. Said expenses were reasonably incurred for the burial of the mother. Allowed.
11. The plaintiffs’ mother worked as a nurses’ aide at Magnolia Nursing Home, 159 Summer Street, Fitchburg, Massachusetts, at some time before her death. Allowed.
*42 12. The mother’s wage was $3.50 per hour when she worked. Allowed.
13. The mother supported herself during the time she was unemployed with funds received from the Veterans Administration and from the Department of Public Welfare of the Commonwealth of Massachusetts. Allowed.
14. The mother’s life expectancy at the time of her death was 46.73 years. Allowed.
15. The mother had an earning capacity of at least $6,720.00 per year. Allowed.
16. The mother’s loss of future earnings is in excess of $10,000.00. No funds were received by any dependent of the mother as a result of the injury or death from any offender, under any insurance programs or from public funds. Allowed.
The court made findings of fact, as follows:
The plaintiffs, by their guardians and next friend, are the children of Ethel Marie Bosworth, who died as a result of a homicide on October 12, 1982, in Worcester, Massachusetts. At the time of her death she was a resident of Massachusetts. She lived with her three sons, wards of the plaintiffs, at 9 Wachusett Street, Worcester, Massachusetts, ages: Jaime 5; Nicholas 3; Jason 2.
At the time of her death, Ethel Marie Bosworth was 24 years old and had a life expectancy of 46.7 years.
On October 11,1982, the mother left her home some time after 7:00 p.m. to go to the store. She never returned home. Her body was found at about 2:00 a.m. on Tuesday, October 12,1982, near railroad tracks off Crescent Street in Worcester. The body was badly beaten and mutilated and was found nude. The crime has been investigated by the police department of the City of Worcester, but no one has been charged with the killing.
Prior to her death, the mother was unemployed and received funds from the Veterans Administration for two of the three sons and also payments from the Department of Public Welfare of the Commonwealth for public assistance. About a year or two before her death, she had worked for Magnolia Nursing Home at 159 Summer Street, Fitchburg, Massachusetts, as a nurses’ aide. She was paid a wage of $3.50 per hour, and when she worked, she worked 40 hours per week.
The mother’s funeral was paid for by her grandmother, Yolanda Cseke, of Somerset, New Jersey, who advanced the sum of $945.00 for the burial expenses to the Bosk Funeral Home in Fitchburg. These expenses have been unreimbursed and are unreimbursable.
No payments were received on account of the injuries and death of the mother from the offender or from any insurance program or from any public funds. The claim for compensation was filed within 90 days of the death of the mother in the district court for the district in which the children of the mother lived at the time of her death and at the time of the filing.
Guardians have been appointed for each child of the mother, the guardian for Jamie and Jason being their mother’s mother, Maryann Bosworth, of Fitchburg, Massachusetts. The guardian for Nicholas is the sister of their mother, Yolanda I. Bosworth, of Worcester, Massachusetts. Each of the children of the mother was a dependent of the mother and totally dependent upon her for his support.
This report contains all the evidence material to the question reported.
*43 The only issue raised in this case is the Commonwealth’s contention that the trial court erred on its request for rulings, numbered 1, 2 and 3.
The Commonwealth’s argument centers primarily on the court’s finding that the plaintiffs (victim) had no earned income at the time of her death.
General Laws, c. 258A does not refer to earned income. Section 5 does state that claimant must have incurred out-of-pocket loss of at least one hundred dollars or has lost two weeks of earnings or support.
In Massachusetts, case law allows for dependents to collect for loss of earnings and support.
In Gurley v. Commonwealth of Masssachusetts, 363 Mass. 595, the Supreme Court includes “future loss of earnings and support” in the statutory phrase of G.L. 258A, § 5 “Compensation for loss of earnings and support.”
The court stated in that case “clearly the statute covers the loss of future support when a victim of a violent crime is disabled. We can see no logical reason why a victim’s death should not be treated as a permanent loss of support.”
Therefore, the plaintiffs in this case should be allowed compensation because their mother was a victim of a violent crime, and upon whom they relied for support, the dependents have lost the earnings or support provided by her.
It is irrelevant that the mother received from the Veterans Administration and from the Department of Public Welfare funds for supporting herself and dependent children. The children were wholly dependent on their mother for support and living with her at the time of her death.
Future loss of earnings are usually calculated on the basis of life expectancy and actuarial tables.
The trial judge made the necessary subsidiary findings to support his conclusions and since the future earnings were in excess of the statutory limit his award of $10,000.00 minus the $100.00 deductible was clearly correct.
Report dismissed.