JAIME P. BOSWORTH & others[1] *vs.* COMMONWEALTH.

Worcester. February 3, 1986. — June 12, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Compensation of Victims of Violent Crimes. Parent and Child,* Companionship and society. *Evidence,* Earning capacity.

Three minor children were the "dependents" of their mother, a deceased victim of a violent crime, within the meaning of § 1 of G. L. c. 258A, an act providing compensation to victims, or dependents of deceased victims, of violent crime, despite the fact that the children's mother had been unemployed at the time of her death and was supporting the children with public funds. [714-715]

In proceedings commenced on behalf of three minor children seeking compensation, pursuant to G. L. c. 258A, as dependents of their mother, a deceased victim of a violent crime, who, at the time of her death had been unemployed, the judge, in awarding the plaintiffs the maximum recovery permitted under c. 258A, to be apportioned equally among them, did not abuse his discretion in viewing the victim's employment a year or two before her death as a nurse's aide as sufficiently probative in proximity to the date of her death to justify calculating her loss of earnings on the basis of that employment to determine the amount of compensation due the children under c. 258A, § 5. [715-717]

CIVIL ACTION commenced in the Worcester Division of the District Court Department on December 1, 1982.

The case was heard by *Ernest S. Hayeck,* J.

*Cynthia A. Canavan,* Assistant Attorney General, for the Commonwealth.

*Timothy P. Wickstrom (Edward D. Simsarian* with him) for the plaintiffs.

LIACOS, J. The plaintiffs, by their guardians and next friends, filed claims in the Worcester Division of the District Court

---

[1] Nicholas A. Bosworth and Jason M. Bosworth.

seeking compensation, pursuant to G. L. c. 258A, § 1 (1984 ed.),[2] as dependents of their mother, a deceased victim of violent crime. After hearing, the judge awarded the plaintiffs $9,900, the maximum recovery permitted under G. L. c. 258A, to be apportioned equally among them. See G. L. c. 258A, § 5. The Commonwealth claimed a report to the Appellate Division for the Western District. G. L. c. 231, § 108 (1984 ed.). The Appellate Division affirmed the award and dismissed the report. The Commonwealth appeals from that decision. G. L. c. 231, § 109 (1984 ed.). We affirm.

The judge found as follows. On October 12, 1982, Ethel Marie Bosworth's body was found near some railroad tracks in Worcester. She was an apparent victim of homicide. The victim was twenty-four years old at the time of her death. She was living in Worcester with her three sons, the plaintiffs in this action, who were aged five, three, and two respectively. Approximately a year or two before her death, the victim was employed as a nurse's aide in a nursing home in Fitchburg. She was paid $3.50 an hour and worked forty hours a week. The victim had been unemployed, however, for some time prior to her death. During this period, she was receiving Veterans' Administration benefits for two of her sons, as well as public assistance payments from the Department of Public Welfare of the Commonwealth.

Subsequent to the victim's death, a guardian was appointed for each of the plaintiffs. Although the plaintiffs continue to be supported by public funds, they have not received any payments as a direct result of their mother's death from any insurance program or public source. G. L. c. 258A, § 6.

The judge allowed the Commonwealth's requests for findings as follows: (1) The victim had no income at the time of her death; "Allowed to the extent that she had no earned income at the time of her death." (2) The plaintiffs have not shown any diminution in support occasioned by the victim's death;

---

[2] General Laws c. 258A has been amended recently, St. 1985, c. 605; however, these amendments are not relevant to the claims at issue in the case at bar.

"Allowed — But not material." (3) The plaintiffs did not incur any out-of-pocket expenses as a result of the crime; "Allowed in so far as [each] Plaintiff is considered to be the minor child of the deceased." The judge also allowed, without reservation, the following rulings and findings requested by the plaintiffs: (1) The plaintiffs are dependents of the mother; (2) the mother's life expectancy, at the time of her death, was 46.7 years; (3) the mother had an earning capacity of at least $6,720 a year; (4) the mother's loss of future earnings was in excess of $10,000.

The Commonwealth contends, on appeal, that the judge erred in awarding the plaintiffs compensation for loss of support under G. L. c. 258A.

1. *Finding of dependency.* General Laws c. 258A, § 3 (*b*), includes, among those persons eligible for compensation, a dependent of a victim who has died as a result of a violent crime. A dependent is defined as a "child . . . who is wholly or partially dependent for support upon and living with the victim at the time of his injury or death due to a crime alleged in a claim pursuant to this chapter." G. L. c. 258A, § 1. The Commonwealth maintains that, because the plaintiffs' mother was unemployed at the time of her death and because she was supporting the plaintiffs with public funds, the plaintiffs were not wholly or partially dependent on the mother for support. We disagree.

A child may be dependent on a parent for support, within the meaning of G. L. c. 258A, § 1, even if that parent is not generating the financial resources that sustain the family unit. We reach this conclusion for two reasons. First, there has been increasing recognition that the provision of domestic services, such as cooking and housecleaning, has economic value. Second, and more importantly, dependence is "rooted not only in economic requirements, but also in filial needs for closeness, guidance, and nurture." *Ferriter* v. *Daniel O'Connell's Sons,* 381 Mass. 507, 516 (1980).[3]

---

[3] Although the pecuniary value of domestic services and the intangible value of parental guidance and nurturing have a bearing on a determination of dependency under G. L. c. 258A, § 1, we express no view as to whether

A child who is reared in a family in which the father is the sole provider of financial support, while the mother attends principally to child rearing and household responsibilities, is clearly dependent for purposes of G. L. c. 258A, § 1, on the mother as well as the father. We think the case at bar indistinguishable from that situation. The plaintiffs, all minors of tender years, were dependent in every respect on their mother. The fact that the mother was not the source of the funds which supported the family is not fatal to the children's claim of dependency. See *Boyd* v. *Pennsylvania Crime Victim's Compensation Bd.*, 504 A.2d 415, 417 (Pa. Commw. Ct. 1986) (under Pennsylvania's victim's compensation statute, a child who receives his principal financial support from public funds nonetheless may be a dependent of his noncustodial parent, who is still obligated by law to support the child).

2. *Finding of loss of support.* General Laws c. 258A, § 5, states in part: "No compensation shall be paid unless the claimant has incurred an out-of-pocket loss of at least one hundred dollars or has lost two continuous weeks of earnings or support. . . . Any compensation for loss of earnings or support shall be in an amount equal to the actual loss sustained; provided, however, that no award under this chapter shall exceed ten thousand dollars." The Commonwealth contends that the plaintiffs have failed to demonstrate an actual financial loss of support as a result of their mother's death.[4] It directs our attention to the judge's finding that the plaintiffs have suffered no diminution in support[5] and argues that the judge erred in utiliz-

---

the loss of either is compensable under G. L. c. 258A, § 5. Cf. *Holmes* v. *Criminal Injuries Compensation Bd.*, 278 Md. 60, 67-69 (1976) (in determining whether dependents of deceased crime victim have incurred serious financial hardship so as to justify recovery under Maryland victim's compensation statute, State agency may consider pecuniary value of domestic services victim had provided to her family, but not value of parental guidance and moral support she had furnished).

[4] The Commonwealth also argues that the plaintiffs have not incurred any out-of-pocket expenses compensable under G. L. c. 258A, § 5. We need not consider this argument, in light of the view we take on the support issue.

[5] This finding is not necessarily inconsistent with the award of $9,900 to the plaintiffs for loss of support. We interpret the judge's finding that the

ing the mother's earnings as a nurse's aide to calculate projected loss of earnings and support. We address this latter point, as we deem it determinative.

In *Gurley* v. *Commonwealth,* 363 Mass. 595, 597 (1973), we held that the statutory phrase in G. L. c. 258A, § 5, "compensation for loss of earnings or support" includes future loss of earnings and support, stating: "We can see no logical reason why the victim's death should not be treated as a permanent loss of support to be computed on the basis of life expectancy evidence and actuarial tables in determining the victim's future loss of earning capacity." The Commonwealth seeks to distinguish *Gurley* on the ground that there the victim was employed at the time of his death, whereas here the victim was unemployed. We find this distinction unpersuasive. As the Appeals Court stated in *Cantara* v. *Massachusetts Bay Transp. Auth.,* 3 Mass. App. Ct. 81, 87-88 (1975), although it is essential in order to recover for loss of earnings to prove the earning capacity of the claimant at the time of her injury, "past earnings may be probative of earning ability at the time of the injury."[6]

We recognize, as did the Appeals Court, that the admissibility of evidence of past earnings is subject to considerations of remoteness in time; however, this is a matter within the sound discretion of the trial judge. *Id.* at 88-89. The judge apparently viewed the victim's employment as a nurse's aide as sufficiently probative in proximity to the date of her death to justify calculating her loss of earnings on the basis of that employment. We cannot say that he abused his discretion in doing so. In determining lost earnings, other courts have admitted evidence of

plaintiffs had experienced no diminution in support to mean that they continue to be supported by public funds in an amount equal to that which their mother received on their behalf when she was alive. This, in itself, does not foreclose a finding, based on a calculation of earnings lost by their mother due to her death, that the plaintiffs have suffered a loss of support.

[6] *Cantara* involved a tort action by a victim for compensation, including loss of earnings. Nevertheless, the court's language is applicable to the instant case where dependents of a deceased victim seek to recover loss of support, because to do so they must introduce evidence regarding the earning capacity of the victim.

wages earned more than one to two years before the wage earner's injury or death. See *Cantara, supra* at 88-89 & n.7, and cases cited.

The judge determined that the victim had an earning capacity of at least $6,720 a year,[7] and that her loss of future earnings was in excess of $10,000. He found, as well, that the plaintiffs did not receive any payment from any insurance program or public funds due to their mother's death. This finding is unchallenged. Therefore, the plaintiffs' estimated loss of support, based on the victim's earning capacity, was not subject to offset by any funds received from other sources.[8] See G. L. c. 258A, § 6; *Gurley* v. *Commonwealth, supra* at 597-599. Accordingly, the judgment in the plaintiffs' favor for $9,900, minus attorneys' fees, will stand.

*Order dismissing report*
*affirmed.*

---

[7] It is not entirely clear how this figure was derived. We surmise that the plaintiffs multiplied $140 (the victim's weekly wage as a nurse's aide) by forty-eight weeks. It would have been preferable, however, if the judge had specified with exactitude the basis for the $6,720 figure, rather than simply allowing the plaintiffs' request for a finding that this figure represented the victim's minimum yearly earning capacity. Ordinarily, in a case involving the dependent children, the judge should not multiply the victim's yearly earning capacity by her life expectancy at the time of her death but, instead, by the number of years remaining until the victim's dependents reach the age of majority. The method used by the judge in this case creates no error, in light of the ages of the plaintiffs.

[8] At oral argument the Commonwealth urged the court, should it conclude that the judge had not erred in determining that the victim had a yearly earning capacity of $6,720, to remand the case so that this figure might be offset by the amount of money the plaintiffs are currently receiving annually from public funds. General Laws c. 258A, § 6, requires an offset only when the payments are received "as a result of the injury." The judge found that the public funds now supporting the children are not being received on account of the death of their mother. This being the case, no offset is required.