SANDRA L. KIRWOOD *vs.* ROGER W. KIRWOOD. No. 88-P-964. June 7, 1989. *Divorce and Separation*, Child support.

After the parties' son, Joshua, turned eighteen on May 8, 1987, the defendant terminated the child support payment of $100 per week that he had been paying pursuant to the judgment of divorce entered on November 18, 1976. The plaintiff filed a complaint for modification in which she alleged, pursuant to the provisions of G. L. c. 208, § 28, as amended through St. 1985, c. 490, § 1,[1] that Joshua continued to be domiciled with her, and that he was principally dependent upon her for support. The complaint sought to continue (and increase) the support paid by the defendant for Joshua. A judge of the Probate and Family Court held an evidentiary hearing and concluded that Joshua was not principally dependent on the plaintiff for his maintenance. The plaintiff has appealed from the judgment dismissing her complaint.[2] We affirm.

The provision of G. L. c. 208, § 28, involved in this case is designed to cover the special situation of a child, between the ages of eighteen and twenty-one, who continues to be primarily dependent for maintenance upon the parent with whom he or she is domiciled. In considering the statutory question, a judge should not limit inquiry solely to the direct financial contributions made by the parties. In addition to those contributions, the judge should take into account the parties' resources, indirect financial obligations incurred by the custodial parent (such as the cost of maintaining a room for the child in the home as that cost relates to expenses such as rent, mortgage payments, insurance, utilities, etc.), as well as relevant noneconomic factors, such as the parents' respective involvement with the child's care and well-being. See *Earle* v. *Earle*, 13 Mass. App. Ct. 1062, 1064 (1982). See also *Silvia* v. *Silvia*, 9 Mass. App. Ct. 339, 340-342 (1980); *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 147 (1981). Cf. *Bosworth* v. *Commonwealth*, 397 Mass. 712, 714-715 (1986).

---

[1] General Laws c. 208, § 28, provides that the Probate and Family Court, in connection with the care and maintenance of minor children, "may take appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance."

[2] In response to postjudgment motions filed by the plaintiff in which she sought to alter the judgment or to obtain a new trial, the judge filed a memorandum in which he explained the reasons for his conclusion that Joshua was not principally dependent on the plaintiff for his maintenance.

The judge heard evidence concerning the income and assets of the parties; the financial and nonfinancial needs of Joshua, including his extraordinary medical expenses; financial and nonfinancial contributions made by the parties toward his maintenance and education; and the amount and nature of the time spent by each parent with him.

The judge's decision that Joshua was primarily dependent on the defendant for his maintenance rested on a consideration of all the evidence. (It appears undisputed that Joshua is domiciled with the plaintiff.) Specifically, the judge took into account the defendant's payment of $14,000 annually for Joshua's tuition and board and room at a private preparatory school, and of a monthly allowance while Joshua attended the school. The judge also considered the defendant's purchase of $1,100 worth of clothing for Joshua during 1987, and his purchase and insurance of a 1987 automobile for Joshua's use. Also considered were: (a) the defendant's payment of all Joshua's uninsured medical and dental bills, including special medical expenses; (b) the defendant's contributions to frequent trips and vacations taken by Joshua; (c) the defendant's maintenance of a fully-furnished bedroom in his home for Joshua's use; (d) the close personal relationship between the defendant and his son, including time spent together throughout the year. That the judge placed greater weight on these matters than on the plaintiff's testimony concerning her contributions, both economic and uneconomic, was the judge's prerogative as the fact finder.

In making his analysis of the dependency issue, the judge was not required, as the plaintiff argues, to ignore Joshua's considerable educational expenses simply because those expenses were paid for by the defendant under an agreement which had not been incorporated into or merged with the divorce judgment. Resolution of the maintenance issue in this case required consideration of all the circumstances. It should not matter that the parties had chosen to resolve Joshua's educational expenses in a separate agreement in order to ensure that that matter would not be subject to modification. We reject the plaintiff's interpretation of the words "maintenance, support and education" in the provision of G. L. c. 208, § 28, under review as requiring consideration of educational expenses separately from support and maintenance obligations. In this case Joshua's educational program is part and parcel of his over-all maintenance. The judge could also reasonably conclude that Joshua's life-style at home with his mother will not be appreciably changed because of the cessation of child support payments. Further, the fact that some of the defendant's payments for Joshua were entirely voluntary did not require that those payments be disregarded. There is a basis in the evidence to infer that the payments will continue in one form or another at least until Joshua is twenty-one. They enable Joshua to enjoy the life-style to which he had become accustomed and were relevant to the determination sought by the complaint.

The case reveals two parents who take a considerable interest in their son's well-being. Each parent is actively involved with Joshua and their

contributions go beyond the merely material. In the final analysis, the judge was faced with an issue of fact concerning the plaintiff's allegation that Joshua was principally dependent on her for his maintenance. The judge's resolution of that issue is not clearly erroneous.

*Judgment affirmed.*

*Anne M. Rideout* for Sandra L. Kirwood.
*James O'S. Morton* for Roger W. Kirwood.