EDGAR DILL *vs.* COMMONWEALTH. November 13, 1990. *Compensation of Victims of Violent Crimes.*

We transferred this case to this court on our own motion to consider whether the plaintiff should be compensated for a loss of function and loss of future earning capacity under G. L. c. 258A (1988 ed.). Edgar Dill was the victim of an assault and battery by means of a dangerous weapon: to wit, a baseball bat, which left him legally blind. During his recovery period, his employer continued to pay him at his full daily rate for approximately eight weeks, and at two-thirds of his daily rate for another three weeks. When Dill returned to work following the attack, his employer continued to pay him at the same rate as he had prior to the attack and injury.

Dill thereafter sought compensation as a victim of a violent crime. See G. L. c. 258A. The Attorney General recommended compensation in the amount of $437.89: the amount of wages lost during his recovery period and unreimbursed medical expenses. In addition to unreimbursed medical expenses and lost wages, Dill also claimed compensation for "loss of function" and for loss of future earning capacity. The judge awarded Dill $437.89, the amount of his actual loss. At Dill's request, the District Court judge reported the case on the issues of reimbursement for loss of function as well as loss of future earning capacity to the Appellate Division. The Appellate Division heard the matter and dismissed the report because Dill's "prior earning capacity [was] not interrupted or diminished in actuality." Dill then appealed pursuant to G. L. c. 231, § 109 (1988 ed.). We affirm.

---

Dill claims that it was error not to award him compensation for his disability per se. He bases his claim on the following sentence in c. 258A, § 6: "The court shall take into consideration the provisions of this chapter, the rates and amounts of compensation payable for injuries and death under other laws of the commonwealth and of the United States, excluding pain and suffering, and the availability of funds appropriated for the purpose of this chapter. . . ." G. L. c. 258A, § 6 (1988 ed.).[1] Dill asserts that the judge should have considered the amount that would have been awarded him for a permanent disability under the workers' compensation statute, G. L. c. 152, § 36. We do not agree. Chapter 258A contains a section which explicitly defines what losses may be compensated under the chapter: "A victim of a crime shall be eligible for compensation for loss of earnings and for medical care or other necessary services . . . ." G. L. c. 258A, § 3 (1988 ed.). The statute does not authorize the court to compensate victims for a loss of function. "In waiving its immunity, the Commonwealth established certain rights of recovery which cannot be extended beyond those expressly conferred by the statute." *Gurley* v. *Commonwealth*, 363 Mass. 595, 600 (1973).

Dill next challenges the exclusion of evidence in assessing his loss of future earning capacity. He asserts his return to work at his pre-injury rate of compensation should not limit his recovery. We do not agree. Compensation for lost wages under c. 258A is explicitly limited: "Any compensation for loss of earnings or support shall be in an amount equal to the *actual loss* sustained . . . . (1) If the victim was employed at the time of the injury, loss of actual earnings shall be based upon the victim's net salary at the time of the injury." (Emphasis supplied.) G. L. c. 258A, § 5 (1986 ed.). That same section also states that "[a]ny compensation paid under this chapter shall be in an amount not exceeding out-of-pocket loss, together with loss of earnings or support resulting from such injury. . . ." G. L. c. 258A, § 5. Dill was compensated for the wages he lost during his recovery. His net salary on return to work was equal to his net salary at the time of the injury. He suffered no further "loss of actual earnings"; therefore no further compensation for "loss of actual earnings" was due under c. 258A.

Dill correctly notes that "[l]oss of earning capacity is a larger concept than loss of present earnings." In *Gurley, supra* at 597, we made it clear that a loss of *future* wages may be compensable under c. 258A. Thus, the dependents of a murder victim can be compensated for the loss of future earnings of the victim, *Gurley, supra* at 597, because there is an *actual*

---

[1]Previously we considered whether one of the general provisions of c. 258A, § 6, should be construed to alter the more specific provisions of § 5. We concluded there that "§ 6's vague and impractical admonition . . . cannot invalidate the express concrete provisions of the statute establishing a specific method of computing the damages to which a proper claimant is entitled." *Gurley* v. *Commonwealth*, 363 Mass. 595, 598 n.1 (1973).

loss of the victim's future wages. Similarly, a victim who is disabled can be compensated for the loss of future earnings, *Gurley, supra* at 597, but only if the loss is an actual loss, only if his postinjury wages are reduced. As the Appellate Division noted, "to find [a] loss of future earnings, the [judge] . . . must find that such damages have been established in the record." On this record, the trial judge correctly excluded evidence of reduced future earning capacity because the evidence did not show an actual loss. To permit recovery for a possible loss of future earning capacity would permit recovery even if no actual loss existed. A recovery in the absence of an actual loss is not authorized by the statute.

*Order dismissing report affirmed.*

*Frank R. Saia* for the plaintiff.

*Jonathan A. Abbott*, Assistant Attorney General, for the Commonwealth.