ROBIN LANE STOLK *vs.* JON MARTIN STOLK. No. 90-P-316. July 8, 1991. *Divorce and Separation*, Child support, Attorney's fees.

The parties, divorced in 1973 in New Hampshire, dispute the extent of the father's obligation to pay child support for Jennifer, the youngest of the couple's three children. Jennifer reached her twenty-first birthday on May 11, 1991, while this appeal was pending, and there is no issue relating to her support after that date. Based upon the parties' separation agreement, a court in New Hampshire ordered that the father, then a medical student, pay the mother $425 each month for the support of the three children, then seven, four, and two. The mother relocated with the children to the Northampton area and eventually earned an undergraduate degree at Smith College and a law degree at Western New England College of

---

Law. At the time of trial, she was employed by the State and was earning $36,816 annually, considerably more than she had ever previously earned. The father, a physician employed by the Upjohn Company and a resident of Michigan, earned in excess of $100,000 annually. The mother filed a complaint for modification on June 8, 1987. At that time Jennifer was seventeen and a senior in high school, hoping to attend college. The father was paying $250 per month for child support. In addition, he had made promises to Jennifer to assist her with the cost of her college education.

The father appeals from two orders of the Probate Court: a temporary order, entered on January 6, 1988, after a scheduled pretrial conference attended only by the mother, that the father pay the mother $350 weekly for Jennifer's support; and a final order, entered on July 20, 1989, after a trial on the merits, that, among other things, the father pay the mother child support in the amount of $350 weekly for the period between January 6, 1988, and September, 1988, and thereafter $250 monthly, and that he pay $5,500 toward the mother's attorney's fees. The order was conditioned upon the father's paying the net costs of Jennifer's attending Boston University. The father's principal contention on appeal is that there is no authority in either Massachusetts or New Hampshire law for the order that he provide support for Jennifer after her eighteenth birthday. We find such authority in G. L. c. 208, § 29, read in conjunction with G. L. c. 208, § 28, and we need not reach, therefore, the question whether New Hampshire law would provide similar authority. General Laws c. 208, § 29, as amended by St. 1986, c. 462, § 8, provides that, if "minor" children of a marriage reside in Massachusetts after a foreign divorce, on petition of a parent, with notice to the other parent, a Probate Court "shall have the same power to make judgments relative to [the child's] care, custody, education and maintenance . . . as if the divorce had been adjudged in this commonwealth." Jennifer, at least until her eighteenth birthday, was a child covered by § 29. To determine the scope of protection provided by § 29, we look to G. L. c. 208, § 28, as amended through St. 1976, c. 279, § 1, which deals generally with care, custody, education, and maintenance of "minor children" upon a divorce. That section includes authority for a Probate Court to "make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance." The husband contends that the authority for postminority support in § 28 is not available for Jennifer's support because § 29 applies only to "minors," and Jennifer was no longer a "minor" under Massachusetts law after her eighteenth birthday. The obvious purpose of § 29, however, is to provide children living in Massachusetts, but whose parents were divorced elsewhere, with all the benefits provided to children living in Massachusetts whose parents were divorced here. The latter children have the benefit of the limited authority for postminority support in G. L. c. 208, § 28. The

Legislature apparently intended that children meeting the requirements set forth in § 28 continue to be considered "minors" at least for purposes of support. We think the reasonable construction of § 29 is that it incorporates all of the support provisions of § 28, including its limited authority for postminority support. Otherwise, the goal of putting Massachusetts children of divorced parents in the same position regardless of where their parents were divorced would be frustrated in a most significant respect.

We consider briefly the father's other contentions. 1. The father voluntarily paid most of the cost of Jennifer's education at Boston University during her freshman year, which ran from September, 1988, to May, 1989. Notwithstanding his role as Jennifer's primary financial provider at that time, there was a reasonable basis in the evidence to justify the judge's finding that Jennifer remained primarily dependent upon her mother. See *Kirwood* v. *Kirwood*, 27 Mass. App. Ct. 1156 (1989); *Larson* v. *Larson*, 28 Mass. App. Ct. 338, 342-343 (1990). 2. Any procedural defects relating to the January 6, 1988, temporary order increasing the amount of child support are moot in light of the judge's issuance after trial of an order in the same amount for the same period. The order was warranted by evidence of changed circumstances, the need for support, and the disparity in the respective incomes of the two parents, see *Buchanan* v. *Buchanan*, 353 Mass. 351, 352-353 (1967), and the judge could decide to what extent to make the new support rates retroactive, see *Kirtz* v. *Kirtz*, 12 Mass. App. Ct. 141, 147 (1981). 3. The wage assignment order of which the father complains is also now moot, Jennifer having reached the age of twenty-one. 4. There was an adequate basis in the evidence for the finding of the need for continuing support underlying the postminority support order. 5. Finally, the father challenges the award of counsel fees and costs. The amount awarded by the trial judge is substantially below the amount requested. The request was based upon an affidavit specifying the hours counsel devoted to the case and her usual charges. The judge found that the "fees and costs were substantially increased because [the father] failed to comply with the temporary order and then brought about a blizzard of pleadings, motions, and hearings designed to frustrate the orderly disposition of [the case]." An evidentiary hearing was not required; the award appears from the record to be commensurate with the value of the services; and the factors the judge considered were not improper. There was no abuse of discretion. See *Robbins* v. *Robbins*, 16 Mass. App. Ct. 576, 582 (1983).

*Judgment affirmed.*

*Edward J. McMahon* (*Maureen M. Driscoll* with him) for Jon M. Stolk.

*Linda S. Fidnick* for Robin Lane Stolk.