NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-434

A.S.

vs.

N.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff A.S., proceeding pro se, appeals from a November 2021 Probate and Family Court judgment of divorce nisi and from several interlocutory orders,[1] as well as from an order denying his motion for a new trial.  A.S.'s chief arguments on appeal are (1) that a July 28, 2020 temporary child custody order (July 28 order) was void because it entered without notice to A.S.; and (2) that, as a result of procedural improprieties and judicial bias, A.S. was deprived without due process of his liberty interest in his relationship with his child.  We conclude that, in light of the subsequent judgment, A.S.'s

---

[1] A.S. filed separate notices of appeal from interlocutory orders entered on February 18, 2021; August 17, 2021; and October 6, 2021.  See Borman v. Borman, 378 Mass. 775, 778-779 (1979) (discussing G. L. c. 215, § 9); Mancuso v. Mancuso, 10 Mass. App. Ct. 395, 401 (1980) (same).

challenge to the July 28 order is moot.  We affirm the judgment and the other challenged orders.

1.  July 28 order.  A.S. filed his complaint for divorce from N.S. in December 2019.  In February 2020, a temporary order issued that required the parties to share custody of their only child equally.  In early July 2020, following a domestic violence incident in the couple's home, N.S. obtained a G. L. c. 209A abuse prevention order from the District Court that protected N.S. and the child.[2]  As a result, in the Probate and Family Court, N.S. moved to alter the temporary custody order, and, after a hearing at which A.S. did not appear, the judge issued the July 28 order granting full custody to N.S.

A.S. contended that N.S. did not properly serve her motion on him and that he had no notice of the hearing.  A.S. therefore filed various motions asking that the July 28 order be vacated, modified, or superseded; these motions were denied.  After a trial, the judge ordered a judgment of divorce nisi that gave N.S. full custody of the child but allowed A.S. biweekly supervised parenting time.  A.S.'s motion for a new trial also challenged the July 28 order and was also denied.

---

[2] A.S.'s appeal from the permanent c. 209A order that later entered in that case is the subject of a separate decision issued today.  N.S. v. A.S., Mass. App. Ct., No. 22-P-1141.  We may take judicial notice of the record in that appeal.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002) (court may take judicial notice of records in related case).

2

On appeal, A.S. contends that the July 28 order, which he erroneously labels a "default judgment,"[3] was void because he had no notice or opportunity to be heard before its entry.[4]  Although A.S.'s arguments about proper service may have some force, we need not decide the issue.  The July 28 order was superseded by the divorce judgment and has no continuing effect that could be remedied by any order of this court.  The challenge to the July 28 order is moot.[5]  See Stolk v. Stolk, 31 Mass. App. Ct. 903, 905 (1991).

To whatever extent A.S. contends that the July 28 order led to the custody and parenting provisions of the judgment, A.S. has not argued that the judgment itself was unsupported by adequate findings of fact or conclusions of law.  In any event, A.S. could not challenge the judge's findings as clearly erroneous, because A.S. has not supplied a trial transcript.

---

[3] The order insofar as it affected child custody was a temporary order issued under G. L. c. 208, § 19.  Because it was not a judgment, or for that matter a final order, A.S.'s arguments based on Mass. R. Dom. Rel. P. 60 (b) (4) are misplaced.

[4] A.S. also argues that, because he was not properly served with the motion or notified of the hearing, the Probate and Family Court lacked personal jurisdiction over him.  The argument fails.  A plaintiff who files an action in a particular court subjects himself to the court's personal jurisdiction with respect to all issues embraced in that action.  See generally Leman v. Krentler-Arnold Hinge Last Co., 284 U.S. 448, 451 (1932).

[5] Similarly, the challenges to the other interlocutory orders need not be addressed separately, as the orders are subsumed in the judgment.

See Connolly v. Connolly, 400 Mass. 1002, 1003 (1987).

Additionally, on review of the transcript of the July 28 hearing

and the remainder of the record, we see nothing suggesting that

the information learned at that hearing created any bias on the

part of the judge that may have influenced his later decision-

making.[6]

2. Due process. A.S. also claims that he was

systematically denied the right to be heard in a meaningful

manner due to the bias of the judge, the judge's order

precluding him from presenting evidence at trial, and the

court's unreasonable delay in docketing its orders.[7]

First, we see no abuse of discretion in the judge's denial

of A.S.'s motion for recusal. See Commonwealth v. Daye, 435

Mass. 463, 469 (2001) (judge's recusal decision reviewed for

abuse of discretion). "To show that a judge abused his

discretion by failing to recuse himself, a [litigant] ordinarily

must show that the judge demonstrated a bias or prejudice

arising from an extrajudicial source, and not from something

---

[6] A.S. complains that the judgment requires supervised visitation
to occur at a location that does not accommodate such
visitation. That issue does not appear to have been raised with
the judge before A.S. appealed, and therefore we do not consider
it.

[7] A.S. also complains that the ex parte c. 209A order obtained by
N.S. in District Court in July of 2020 deprived him of his
parental rights without due process. That order is not before
us in this appeal.

4

learned from participation in the case." Commonwealth v. Adkinson, 442 Mass. 410, 415 (2004). That is, a judge's decisions must have been influenced by "considerations other than the law." Daye, 435 Mass. at 470 n.4.

Here, as evidence of bias, A.S.'s motion pointed to nothing other than adverse rulings against him, findings of fact with which he disagrees but which have not been shown to be clearly erroneous, and some administrative difficulties within the Probate and Family Court (notably, during the COVID-19 pandemic). Examination of the judge's decisions reveals no disqualifying partiality. Any perceived frustration with A.S. was no doubt born of A.S.'s own behavior during the pendency of the case, as reflected in the judge's findings of fact. Such a view, when based on information properly learned during the litigation, does not constitute grounds for recusal, see Haddad v. Gonzalez, 410 Mass. 855, 863 (1991), and we see no indication here that it affected the judge's ability to render an impartial judgment.

Similarly, we see no abuse of discretion in the judge's decision to preclude A.S. from introducing exhibits and calling witnesses other than himself at trial. A.S. failed to timely respond to N.S.'s discovery requests, even after the judge granted N.S.'s motion to compel discovery and A.S. was warned that failure to respond would result in an inability to submit

5

documentary evidence at trial.  Even if we were to credit A.S.'s assertion that he did not receive N.S.'s full discovery request until August 20, 2021, which was after the motion to compel was allowed, A.S. was allowed ten extra days to comply, but apparently did not do so until October 5, the day before trial. Under these circumstances, it was entirely reasonable for the judge to allow N.S.'s motion to limit A.S.'s ability to offer evidence.  See Mass. R. Dom. Rel. P. 37 (b).  As A.S. makes no specific argument to the contrary in his brief, we also accept the judge's conclusion that A.S.'s proposed witnesses could not offer any relevant testimony.

Finally, A.S. has failed to show how the court's delay in docketing certain orders and other filings, although regrettable, "injuriously affected [A.S.'s] substantial rights." G. L. c. 231, §§ 119, 132.  As noted above, A.S.'s claim of lack of notice of the motion and hearing leading to the July 28 order is now moot.  Nor did the court's delay prevent A.S. from appealing from any of the judge's interlocutory orders.  A.S. either timely appealed from them or was free to challenge them in this appeal from the judgment, but except as discussed above, he has failed to address them, let alone demonstrate any error or other abuse of discretion warranting relief from them. Similarly, A.S. was able to timely appeal from the order denying

his motion for a new trial but, other than as we have discussed, he has not addressed that motion in his brief.

<u>Orders dated February 18, 2021, August 17, 2021, and October 6, 2021, affirmed</u>.

<u>Judgment of divorce nisi affirmed</u>.

<u>Order denying motion for a new trial affirmed</u>.

By the Court (Meade, Massing & Sacks, JJ.[8]),

*Anne M. Thomas*

Assistant Clerk

Entered: February 22, 2024.

---

[8] The panelists are listed in order of seniority.