NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1211
23-P-1333

R.A.W.

vs.

S.M.W. (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant mother has sought to appeal from various temporary orders issued by Probate and Family Court judges, and also from a later modification judgment awarding her former husband (father) sole legal and physical custody of the parties' minor child. We conclude that the notices of appeal she filed in the trial court do not bring before us the merits of those temporary orders or of the modification judgment, but only certain narrow procedural claims, which we conclude do not entitle the mother to any relief. We also conclude that the mother is not entitled to relief based on her appeals from various orders of single justices of this court or the motions she filed with this court during the pendency of these appeals.

_____

[1] R.A.W. vs. S.M.W.

Background.  The parties were married in 2011; the only child of the marriage, a daughter, was born in 2014; and the father filed a complaint for divorce in 2017.  The parties' separation agreement provided for shared legal and physical custody and set forth a detailed parenting schedule.  Those provisions merged into the judgment of divorce nisi, which entered in 2019.

1.  Modification.  The father filed a complaint for modification in May 2020.  As later amended, the complaint for modification (complaint) alleged that the mother had failed to provide appropriate living accommodations for the child, meet her personal hygiene needs, provide financial support for her as required by the judgment, participate in enrolling her in school, attend parent teacher events, or pick her up from school on time (or on some occasions at all) despite being scheduled to do so.  The complaint further alleged that the mother "engaged in a pattern of harassing behavior toward the [father], making co-parenting of the child impossible" and causing the father to obtain a harassment prevention order.  The complaint asked that the judgment be modified to grant the father sole custody[2] and to order a parenting schedule that met the child's best interests.

_____

[2] The complaint sought both legal and physical custody.  The dispute before us involves both types of custody, and the parties do not differentiate between the two.  Therefore, for simplicity, we use the term "custody" herein to encompass both.

2

The complaint was not immediately served on the mother and was therefore dismissed without prejudice in October 2020.

In late January 2021, the father filed an ex parte emergency motion seeking a temporary order granting him sole custody.  In a detailed affidavit accompanying his motion, the father stated that the problems described in his complaint, although they had lessened somewhat during the summer of 2020, had resumed and become worse when the child began school that fall.  The father further stated that his daughter had told him that she and the mother would be moving as early as the coming weekend, possibly to a hotel.  He asserted that continuing under the judgment's existing custody and parenting provisions would be detrimental to the child's safety and welfare.  A constable's return on the summons stated that he served the father's complaint, motion, affidavit, and other materials at the mother's last and usual residence (an apartment in Andover) on January 28, 2021.

The next day, January 29, 2021, a judge ordered temporary sole custody to the father; ordered the parties to appear on February 10, 2021, for a Zoom hearing; and ordered the father to serve the mother by 5 P.M. that day (January 29) by e-mail and by leaving a copy at her last known address.  A constable's return stated that he had served her that day at 2:40 P.M. by taping the order to the main door of her last and usual

3

residence (the apartment in Andover) and had also mailed her a copy.

On February 10, 2021, the judge issued another temporary order (docketed six days later), which granted sole custody to the father; ordered the mother to have parenting time "as mutually agreed upon between the parties"; and ordered a pretrial conference on the complaint to be held by Zoom on November 17, 2021. The record does not reflect whether the mother appeared at the February 10 hearing.

The judge issued another pretrial notice and order on July 23, 2021, directing among other things that the November 17 pretrial conference would now be held in person. The notice and order included a warning that failure to appear at the pretrial conference could result in an immediate trial or the entry of judgment in accordance with the temporary order:

> **"[T]he [c]ourt may order the case to immediate trial on the date of the pretrial conference** if the [c]ourt determines at the pre-trial conference that . . . (b) one party, by failure to appear at the pre-trial conference or otherwise, will not present a case; or (c) immediate trial is necessary to accomplish justice. If no parties are present at the pre-trial conference and there is a temporary order in effect, the [c]ourt may issue a judgment containing the terms of the temporary order."

The judge issued another order in November 2021 that changed the time (but not the day) of the pretrial conference.

At the scheduled pretrial conference, the father appeared, but the mother did not. After a hearing, the judge on November

4

17, 2021, ordered a modification judgment (docketed November 24, 2021,) that granted sole custody to the father and ordered the mother to have parenting time "only as mutually agreed upon by the parties."

The mother then began filing a series of motions aimed at obtaining relief from the January 2021 temporary order, the November 2021 modification judgment, or both; we describe here only a few of those motions. On February 23, 2022, the mother filed a motion for relief from judgment under Mass. R. Dom. Rel. P. 60.[3] The judge denied that motion by order docketed March 8, 2022. On June 2, 2022, the mother filed another rule 60 motion for relief from judgment. The judge denied that motion by order docketed June 16, 2022.[4]

On June 8, 2022, the mother filed what she labeled a motion to dismiss -- but is more accurately described as a motion to vacate -- both the January 2021 temporary order and the November 2021 modification judgment. The judge denied the motion to

---

[3] Such motions are ordinarily filed under Probate and Family Court Standing Order 2-99 and may be referred to as Standing Order 2-99 motions. For clarity, we refer herein to the motions according to the substantive relief that they sought.

[4] On June 27, 2022, the mother filed a notice of appeal from both of those orders. She also filed notices of appeal from the January 2021 temporary order and the November 2021 modification judgment. Those three appeals were dismissed pursuant to Rule 30 of the Supplemental Rules of the Probate and Family Court on June 29, 2023. The mother did not appeal from the dismissal of those appeals. We therefor do not discuss them further.

5

vacate by order docketed June 16, 2022, and the mother did not timely appeal.  Over the ensuing year and three months, the mother made numerous additional efforts to obtain relief from both the temporary order and the modification judgment, all of which were unsuccessful.

2.  <u>Motions leading to first trial court notice of appeal</u>.  On September 5, 2023, the mother filed a motion for a temporary order giving her sole custody.  Two days later, she filed another, largely identical motion.  Although neither of these motions used the word "emergency" in any way, and both of the motions stated that a hearing was not required, the mother was dissatisfied with how the court handled them.

Therefore, a few days later, the mother filed an "emergency motion for temporary order," again seeking sole custody.  An order dated September 14, 2023, and docketed on September 18, 2023, denied this emergency motion but gave the mother leave to mark the motion for hearing and serve it on the father.  Instead of doing so, the mother appealed from that order, stating on her notice of appeal "that the request is an emergency and the decision of the [Probate and Family Court] is prejudiced."

3.  <u>Motion leading to second trial court notice of appeal</u>.  On September 25, 2023, the mother sought to file a motion for emergency reconsideration of the June 16, 2022 order denying her motion to vacate the January 2021 temporary order and the

6

November 2021 modification judgment.  Her emergency motion was docketed on September 27, 2023, and was denied by order dated that same day and docketed October 18, 2023.  The mother filed a notice of appeal from that order.

Discussion.  First, we explain why neither of the notices of appeal from trial court orders brings before us the merits of the award of sole custody to the father.  The scope of what those notices bring before us is, instead, limited to narrow procedural claims, which we conclude do not entitle the mother to any relief.  Second, and despite the merits not being properly before us, we discuss the mother's substantive claims that the judge erred or abused her discretion in ordering the modification judgment.  We conclude that none of those claims is persuasive.  Third and finally, we discuss the mother's appeals from various orders issued by single justices of this court while this appeal was pending, as well as the mother's remaining motions filed in this court.

1.  Scope of appeal from trial court orders.  a.  First notice of appeal.  The first notice of appeal concerns only the mother's desire that her three September 2023 motions for temporary orders giving her sole custody be treated as emergency motions.  As explained above, two of those motions were not denominated emergency motions in any way, and they expressly stated that no hearing was requested.  It therefore was not an

error or abuse of discretion to treat them as motions that could be resolved in the ordinary course, with no special urgency. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion consists of clear error of judgment in weighing factors relevant to decision, such that decision falls outside range of reasonable alternatives).

The third motion, although labeled as an "emergency motion," contained nothing explaining why it presented an emergency. The motion was therefore denied, but with the express notation that the mother could mark the motion for hearing and serve it on the father. In other words, the mother was informed that she could pursue the motion in the ordinary course. This, too, was not an abuse of discretion. Although the mother was understandably anxious to regain custody, she did not help her cause by filing repetitive motions, or motions that sought emergency treatment but did not explain, with evidentiary support, why such treatment was warranted.

b. Second notice of appeal. The second notice of appeal concerns the denial of the mother's September 2023 motion to reconsider the June 2022 order denying her motion to vacate both (1) the January 2021 temporary order and (2) the November 2021 modification judgment. Those two aspects of the September 2023 motion are best discussed separately.

8

As for the January 2021 temporary order, it is important to understand that that order -- granting sole custody to the father pending resolution of the complaint for modification -- lost its force once the modification judgment issued and also granted sole custody to the father.[5]  That is, the temporary order was superseded; it had no continuing effect that could be remedied by any order of the Probate and Family Court (or of this court, for that matter).  Any later challenge to the temporary order was and is moot, whether that challenge was or is asserted in the mother's June 2022 motion to vacate the temporary order, or her September 2023 motion to reconsider the denial of her June 2022 motion, or in this appeal.  Cf. Stolk v. Stolk, 31 Mass. App. Ct. 903, 905 (1991) (any defects in temporary order were moot in light of issuance after trial of order granting identical relief).

As for the November 2021 modification judgment, the mother's June 2022 motion to vacate that judgment was denied by order docketed June 16, 2022.  It was not until fifteen months later, in September 2023, that the mother sought reconsideration of the order denying her motion.  It is only the denial of that motion for reconsideration that is before us -- not the

---

[5] Properly speaking, the January 2021 temporary order lost its effect even sooner, once the judge held a hearing and issued the February 2021 temporary order granting the same relief.

9

correctness of the modification judgment itself, and not the correctness of the denial of the motion to vacate that judgment. See, e.g., Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 186-187 (1995) (appeal of order denying belated motion to reconsider judgment does not bring merits of judgment before appellate court).  "[W]e review the judge's denial of a motion for reconsideration only for abuse of discretion."  Merchants Ins. Group v. Spicer, 88 Mass. App. Ct. 262, 271 (2015).

Here, the mother's motion for reconsideration argued both that she had not been properly served with the father's complaint for modification and that she was not aware of the pretrial hearing on that complaint held in November 2021, her nonappearance at which led to the entry of the modification judgment.  But the mother's motion expressly acknowledged that she had already made such arguments on several earlier occasions.  The mother identified no particular issue of fact or law that the judge had previously overlooked in denying the June 2022 motion to vacate the judgment or that had not been brought to the judge's attention in, for example, the mother's February 2022 motion for relief from judgment.  The mother has therefore not shown any abuse of discretion in the denial of her motion for reconsideration.

2.  Modification judgment. Although the merits of the modification judgment are not before us, we nevertheless discuss

10

the mother's various arguments as to why that judgment should be overturned.  None of her arguments is persuasive.  Thus, even if the mother had timely appealed from the modification judgment, we would affirm it.

a.  Section 51A report.  The mother argues that because there was no evidence that a report of abuse or neglect regarding her care of the child was ever filed under G. L. c. 119, § 51A, there was no evidence that her care was so deficient as to warrant giving the father sole custody.  But the mother does not cite, and we do not know of, any legal authority for the proposition that a section 51A report is required before a court may alter the custody arrangements previously ordered in a divorce action.  The father's affidavit of January 28, 2021, provided ample reason for the judge to determine that, even if there was little if any evidence of abuse,[6] the mother was neglecting the child's needs and that the child's best interests required that the father be given sole custody.

b.  Abandonment.  The mother argues that, despite the child having been left alone for a period of time on January 27, 2021, the mother never "abandoned" the child within the meaning of G. L. c. 119, § 39.  Again, however, the mother does not cite,

_____

[6] The father asserted that on two occasions, one in 2019 and the other in 2020, the mother forced or dragged the child away from the father's car or his residence.

11

and we are unaware of, any authority establishing that a finding of abandonment is a prerequisite for a modification judgment regarding child custody. The mother further argues that the events of that day were at least in part due to the actions of the father and did not warrant giving him sole custody. But the mother's parenting deficiencies, as recounted in the father's January 28, 2021 affidavit, went well beyond the events of a single day. They gave the judge a strong basis to order a change in custody.

c. Procedural defects in temporary order. The mother argues that the January 2021 temporary order was defective because it was not supported by specific findings of fact, as required by G. L. c. 208, § 28A, and did not comply with the "reasonable visitation" provision of G. L. c. 208, § 31. As we have already discussed, however, any challenge to the temporary order is moot, particularly in light of the modification judgment that encompassed the same terms.

d. Abuse. The mother argues that there was no evidence she had "abuse[d]" the child, as that term is defined in G. L. c. 208, § 31A, and that the judge did not follow the mandates of section 31A for specific findings and for any order of visitation in a case involving such abuse. As explained above, however, we view the modification judgment as based primarily if not exclusively on neglect, not abuse. The mother's suggestion

12

that, because there was no "abuse," the judge must have been biased against her, is unsupported by the record.

e. _Federal criminal statute_. The mother asserts that relief is appropriate under a Federal criminal statute, 18 U.S.C. § 242. Such statutes are generally enforced by Federal authorities; we know of no authority for the Probate and Family Court to do so. We also note that section 242 concerns the deprivation of a person's Federal rights, or subjecting a person to different punishments, "on account of such person being an alien, or by reason of his color, or race," factors that the mother has not alleged here.[7] 18 U.S.C. § 242.

f. _Father's current living situation_. The mother argues that the father's current living situation, of which the mother learned only in late August 2023, is not conducive to the best interests of the child. Specifically, she asserts that the father is living with (1) his infant child through his new relationship, who requires his attention; and (2) his new partner's son, who is older than the child at issue here and may compromise her safety, according to the mother's unsupported

---

[7] Relatedly, the mother contends that giving sole custody to the father violated her Federal constitutional rights by imposing punishment on her without due process of law. She cites no authority, and we know of none, establishing that a change in child custody in the context of a divorce could ever constitute "punishment," as that term is generally understood for constitutional purposes.

13

allegation.  The mother does not argue, however, that those circumstances existed at the time of the November 2021 modification judgment.[8]  Therefore, even if we assumed that the mother's assertions were true, they would not entitle her to relief in this appeal.

g.  <u>Lack of notice</u>.  The mother argues that she was not given proper notice of the complaint for modification, the hearing on the February 2021 temporary order, or the pretrial conference that led to the November 2021 modification judgment. We now review what the record shows on those issues.

As for the summons and complaint, the constable's return stated that on January 28, 2021, he had served them "at [the mother's] last and usual abode (inside door)" at a specific apartment number and address in Andover.  In an affidavit in support of her February 2022 rule 60 motion, in which she stated that she never received the summons and complaint, the mother stated that she moved from the Andover address "in August of 2021."  This gave the judge no reason to doubt that the constable made service at the address at which the mother actually lived in January 2021.  The mother asserted that the

---

[8] Nor has the mother appealed from any order or judgment that considered those circumstances and rejected them as a basis for a further modification.  Whether the mother has sought any such modification based on those circumstances is not entirely clear from the record before us.

14

Andover address "was an apartment complex with a hallway with many other units and residents" and that she did not know what had happened to the documents.[9]

As for the father's emergency motion for a temporary order and notice of a hearing on the motion, the mother's affidavit stated that she never received them. The constable's return, however, stated that he had served a copy of that motion at the mother's Andover address "by taping to main door," as well as by mail, on January 29, 2021. That copy was endorsed with an ex parte order granting the father custody and setting a hearing for February 10, 2021. Further, in response to the mother's February 2022 rule 60 motion, the father submitted a verified opposition -- the equivalent of an affidavit -- setting forth in considerable detail the numerous other ways in which the mother had been served with the father's emergency motion and notice of the hearing to be held on it. These included e-mailing the motion to both of the mother's e-mail addresses on January 28,

_____

[9] In her appellate brief the mother further argues that the constable could not possibly have made service "inside [the] door" because the constable could not have gained access without either a key or the assistance of some other resident, neither of which the constable had. The mother has not, however, cited to (1) any evidence in the record supporting this argument or (2) anything showing that she made the argument to the judge. We therefore do not consider it further. See Albert v. Municipal Court of Boston, 388 Mass. 491, 493-494 (1983) (argument not made in trial court cannot be raised for first time on appeal).

15

2021, and e-mailing the judge's ex parte order and hearing notice to both of the mother's e-mail addresses on January 29, 2021.

As for the pretrial conference that led to the November 2021 modification judgment, the mother claimed that she never received any notice of that conference. The judge, however, issued three separate orders giving such notice: the February 2021 temporary order; the July 2021 pretrial notice; and a November 2021 order that changed the time (but not the day) of the pretrial conference. We presume that these orders were mailed to the mother in the ordinary course of business.[10]

In these circumstances, in light of the many efforts to notify the mother -- by leaving notice at her last and usual address, by e-mail, and by regular mail -- it would not have been an abuse of discretion for the judge to conclude that the mother, notwithstanding the claims in her affidavit, had more likely than not received one or more notices alerting her to the pending modification proceeding.[11] Moreover, the judge reasonably could have concluded that the mother was aware that

_____

[10] Notably, although the mother later stated that she had moved from the Andover address in August 2021, the docket contains no indication that she ever filed a notice of change of address with the court at any time before the November 2021 hearing.

[11] Nor would it have been an abuse of discretion for the judge to have held a hearing to resolve any question of notice.

16

she no longer had physical custody of the child.  With that knowledge, the judge could conclude, the mother either (1) knew or should have known that custody had been altered by a court order, and should have inquired of the court to learn more; or else (2) would have believed that the father was in contempt of the judgment nisi (which had given the parties shared custody) and would have filed a complaint for contempt of that judgment. The mother did not do so.[12]

In short, the judge could reasonably conclude that the mother knew or should have known of the modification proceeding in time to appear at the November 2021 pretrial conference where the modification judgment was ultimately entered.  We see no abuse of discretion in the judge's decision to reject the mother's claims that lack of notice entitled her to relief from the modification judgment.

3.  <u>Motions in this court; single justice orders</u>.  While her appeal from the trial court orders was pending, the mother filed numerous motions in this court, seeking various types of relief.  In some instances, a single justice of this court denied the motion, the mother appealed, and the resulting appeal from the single justice's order is now before this panel for

_____

[12] The mother did file a complaint in early March 2022 claiming that the father was in contempt of the January 2021 temporary order, thereby demonstrating that she knew of that order.

17

decision.  In other instances, the motion has been referred to this panel to decide along with the appeals from the trial court orders and single justice orders.  Grouping and addressing these matters according to the relief at issue, we conclude that the mother is not entitled to relief with respect to any of them.

a.  Matters at issue in no. 23-P-1333.  We now explain the genesis of case no. 23-P-1333 and address the issues that arise only in that case.[13]  On October 13, 2023, in no. 23-P-1211, the mother filed an "emergency motion to decide on docket," asking that the appeal from the trial court orders be decided on the papers filed up to that time.  On October 25, 2023, a single justice, treating the motion as one to expedite the appeal, denied it without prejudice to renewal on the filing of the father's brief.  The mother filed a motion for reconsideration, which the single justice denied on November 13, 2023.  The mother filed a notice of appeal from the orders, and that appeal was docketed in this court as no. 23-P-1333, to proceed in accordance with Rule 15.0 (b) (1) (A) of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1010 (2020).  On that appeal, we conclude that the single justice did not abuse her discretion in declining to expedite the appeal from the trial court orders before the father had filed his brief,

_____

[13] Certain other issues that arise in both no. 23-P-1333 and no. 23-P-1211 are discussed later.

18

which he did on December 5, 2023, and did not abuse her discretion in denying the mother's motion for reconsideration.[14]

b. <u>Matters at issue in no. 23-P-1211</u>. On December 7, 2023, the mother filed a motion to submit evidence of a lease agreement. To the extent that the lease agreement at issue was not in the record before the trial court, we deny the motion, because our review of the evidence is limited to what was before the trial court.[15]

On February 15, 2024, the mother filed a motion to consolidate no. 23-P-1211 with no. 23-P-1333. We deny the motion, because consolidation would serve no useful purpose and could result in more confusion.[16]

---

[14] On December 7, 2023, in no. 23-P-1333, the mother filed a notice of appeal purporting to seek review of this court's lack of action up to that time on appeal no. 23-P-1333, which the mother asserted amounted to a denial of the appeal. Treating this notice as a motion to expedite the appeal, we reject the mother's claim and deny the motion as moot. It would not have been proper to act on that appeal at that time, because the time for the father to file a memorandum of law responding to the issues the mother initially raised in that appeal had not yet expired. See rule 15.0 (b) (1) (A). In a similar vein, on December 11, 2023, in no. 23-P-1333, the mother filed a "motion for judgment," apparently seeking a final ruling in her favor in that appeal. Because we are now ruling on that appeal, the motion for judgment is denied as moot.

[15] The mother filed the same motion in no. 23-P-1333, and we likewise deny it.

[16] The mother filed the same motion in no. 23-P-1333, and we likewise deny it.

19

The mother also appealed from single justice procedural orders that (1) allowed the father's motion to enlarge, by nine days, the time for filing his brief; and (2) allowed his motion for leave to file a supplemental record appendix to place certain trial court documents before this court that were not included in the mother's record appendix. We conclude that there was no abuse of discretion in those orders, which granted reasonable procedural relief and caused the mother no unfair prejudice.

At various times during the pendency of no. 23-P-1211, the mother filed motions essentially seeking immediate orders for temporary or permanent custody of the child. In some instances, a single justice denied the motion, the mother filed a notice of appeal, and the resulting appeal was consolidated into no. 23-P-1211. In later instances, the motion was referred to this panel.[17] Because we have no authority to order a change in custody other than in the course of reviewing a trial court order, and because we have reviewed those trial court orders that are properly before us and have concluded that none of them should be disturbed, the appeal from the single justice orders

_____

[17] In one such instance, the mother filed the same motion in no. 23-P-1333, and we deny it as moot.

20

denying the motions seeking custody is dismissed as moot, and the motions seeking custody are denied as moot.[18]

On December 11, 2023, and February 15, 2024, the mother filed motions for attorney's fees based on what she claimed were the father's various violations of law, or of her rights, before and during the trial court litigation. We deny those motions, because the mother -- who is self-represented -- cites no applicable authority for an award of attorney's fees, and because she has not persuaded us that the father committed any such violations.[19] The mother also appeals from single justice orders denying three additional motions for fees. For the same reasons as we deny the mother's motions for fees, we affirm those single justice orders.

Finally, on February 9, 2024, the mother filed a notice of appeal purporting to seek review of "all denials within docket 2023-P-1211." Such a notice of appeal could challenge only those single justice orders entered in the preceding thirty days that denied the mother's requests for relief. See Mass. R. A.

---

[18] We also deny as moot the mother's motion filed on December 7, 2023, seeking to establish a schedule of parenting time under the requested temporary custody orders.

[19] The mother also filed a motion to charge the father with various forms of fraud; the single justice denied the motion, the mother appealed, and the appeal was referred to this panel. Because neither the single justice nor this court has the authority to assert or initiate such charges, we affirm the single justice's order denying the motion.

21

P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  The only such order that we have not already addressed above is a single justice's order dated January 29, 2024, denying the mother's request that the clerk's office create an assembly of the record and transmit it to the United States District Court for the District of Massachusetts for use in a related case pending there.  The single justice's order gave ample reasons for denying the requested relief, and the mother has shown no error or abuse of discretion in that order.  We therefore affirm it.

Conclusion.  In no. 23-P-1211, the trial court order dated September 14, 2023, and docketed on September 18, 2023, denying the mother's emergency motion but giving the mother leave to mark the motion for hearing and serve it on the father, is affirmed.  Also in no. 23-P-1211, the trial court order dated September 27, 2023, and docketed October 18, 2023, denying the mother's motion for emergency reconsideration, is affirmed.  In both no. 23-P-1211 and no. 23-P-1333, as to the appeals from single justice orders, either those orders are affirmed, or the appeals are dismissed as moot, as stated in this memorandum and order.  Also in both no. 23-P-1211 and no. 23-P-1333, the

22

mother's various motions, to the extent not previously ruled on by the single justice, are denied.[20]

So ordered.

By the Court (Sacks, Singh &
Walsh, JJ.[21]),

*Paul Little*

Clerk

Entered:  September 10, 2024.

---

[20] The father's motion for an award of his appellate attorney's fees is denied.

[21] The panelists are listed in order of seniority.